# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| **SUNDANCE HOLDINGS GROUP LLC,** | Case No. 25-11274 (KBO) |
| Alleged Debtor. | Ref. Dkt. No. 21 |

### INTERIM ORDER GRANTING EMERGENCY MOTION OF CORBIN LIQUIDATION LLC, AS ASSIGNEE OF SUNDANCE HOLDINGS GROUP LLC, PURSUANT TO 11 U.S.C. § 543(d)(1) FOR ENTRY OF INTERIM ORDER GRANTING RELIEF UNDER 11 U.S.C. § 543(a) AND (b), AND SCHEDULING FINAL HEARING THEREON AND ON MOTION TO DISMISS

This matter having come before this Court upon the motion of Corbin Liquidation LLC, as assignee (the "Assignee") of Sundance Holdings Group LLC ("Sundance" or the "Alleged Debtor") for (A) entry of an order (this "Order"), pursuant to section 543(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), to the extent necessary, for relief under section 543(a) and (b) of the Bankruptcy Code during the gap period (the "Gap Period") between the filing of the involuntary petition (the "Involuntary Petition") and the Court determining whether to dismiss the Involuntary Petition or enter an order for relief and (B) scheduling a hearing for the Motion to be considered on a final basis, along with any motion to dismiss this case;[1] and proper notice of the Motion having been provided; and a hearing having been held on the Motion; and all declarations and other evidence in support of the Motion having been considered; and any objections to the Motion having been considered; and the Court otherwise being fully advised of the premises hereof, it is

ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

RLF1 33277806v.2

1. The Motion is granted on an interim basis as set forth herein.

2. During the Gap Period, the Assignee's operation of the Alleged Debtor's business in the ordinary course and administration of its assets under California law constitute actions that are necessary to preserve the Alleged Debtor's property within the meaning of 11 U.S.C. § 543(a) such that the Assignee is in compliance with 11 U.S.C. § 543(a) or, alternatively, such actions are in the interests of creditors of the Alleged Debtor and, therefore, its compliance is hereby excused pursuant to 11 U.S.C. § 543(d).

3. During the Gap Period, it is in the interests of creditors of the Alleged Debtor that the Assignee be and hereby is excused from compliance with 11 U.S.C. § 543(b).

4. The Assignee shall remain in possession and control of the Alleged Debtor's assets during the Gap Period and shall continue to administer the assets and address the liabilities assigned to it under that certain General Assignment dated June 25, 2025 (the "Assignment"), in compliance with California law.

5. The Assignment shall remain in full force and effect during the Gap Period and shall be unaffected by the filing of the Involuntary Petition and the pendency of this Chapter 7 Case.

6. During the Gap Period, the Assignee is authorized to take the following actions, and to apply cash collateral (solely with the consent of the Senior Secured Creditors) for the following purposes, during the Gap Period:

    (A) Apply cash collateral of the Senior Secured Creditors as set forth in the Cash Flow Forecast;

    (B) Retain and compensate professionals in the Assignee's discretion in connection with this Chapter 7 case, as may be agreed to by the Senior Secured Creditors;

    (C) Perform its obligations under the engagement letter with SB360 (attached

        as <u>Exhibit F</u> to the Klausner Declaration) and coordinate with SB360 to conduct the GOB Sales on the terms described in the engagement letter; and

    (D)    Pay a quarterly fee of $55,130.73 to Redford Enterprises when it comes due during the Gap Period to preserve the Alleged Debtor's rights under the PSA.

7.    This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July 15th, 2025  
Wilmington, Delaware

                                                          KAREN B. OWENS  
                                                          CHIEF JUDGE