# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**SUNDANCE HOLDINGS GROUP LLC,**<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 25-11274 (KBO)<br><br>Objection Deadline: October 7, 2025 at 4:00 p.m. (ET)<br>Hearing Date: October 14, 2025 at 1:00 p.m. (ET) |

**JOINT MOTION APPROVING THE STIPULATION BY AND BETWEEN
THE PETITIONERS, THE ASSIGNEE, AND THE SENIOR SECURED
CREDITORS TO DISMISS INVOLUNTARY BANKRUPTCY PROCEEDING**

Aalamwaar Inc. ("Aalamwaar"), Fashion Avant Garde Designs Pvt. Ltd. ("Avant Garde"), Kyra Kreations Inc. ("Kyra"), Malani Impex Inc. ("Malani"), and Volo Fin Pte. Ltd. ("Volo Fin," together with Aalamwaar, Avant Garde, Kyra, and Malani, the "Petitioners" or "Petitioning Creditors"); Corbin Liquidation LLC (the "Assignee") in its capacity as the assignee for the benefit of creditors of Sundance Holdings Group LLC (the "Alleged Debtor"); and Kayne Senior Credit III Loanco, LLC, as administrative agent (in such capacity, the "Agent" and together with the Petitioners and the Assignee, the "Parties") under that certain Credit Agreement and Limited Consent, dated as of August 8, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time) hereby submit this joint motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the Stipulation by and between the Petitioners, the Assignee, and the Senior Secured Creditors to Dismiss Involuntary Bankruptcy Proceeding (the "Stipulation") and (ii) dismissing this involuntary bankruptcy case. In support of the Motion, the Parties respectfully state as follows:

**Jurisdiction and Venue**

1. The court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are: section 303(j) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

2. On June 25, 2025, the Alleged Debtor entered into a general assignment for the benefit of creditors (the "Assignment") with the Assignee pursuant to Section 493.010 of the California Code of Civil Procedure ("CCP").[1]

3. On July 2, 2025, the Petitioning Creditors filed an involuntary Chapter 7 petition under section 303 of the Bankruptcy Code against the Alleged Debtor (the "Involuntary Petition") in the United States Bankruptcy Court for the District of Delaware (the "Court") [Docket No. 1].

4. On July 7, 2025, the Petitioning Creditors served a *Summons to Debtor in Involuntary Case* (the "Summons") [Docket No. 13].

5. On July 9, 2025, the Assignee filed an emergency motion seeking relief from the turnover requirements of section 543(d)(1) of the Bankruptcy Code [Docket No. 21].

6. On July 10, 2025, the Petitioning Creditors filed an emergency motion seeking appointment of an interim trustee under section 303(g) of the Bankruptcy Code [Docket No. 26].

---

[1] Under California law and the Assignment, the Assignee stands in the place of the Alleged Debtor and has substantially all the powers of a trustee under chapter 7 of the Bankruptcy Code. *See Credit Managers Ass'n v. Nat'l Indep. Bus. Alliance*, 162 Cal. App. 3d 1166, 1170-1172, 209 Cal. Rptr. 119 (2d. Dist. 1984) (holding that assignee for benefit of creditors under California law holds legal rights of assignor and may act as assignor's legal representative with respect to the property, rights, and interests included in the assignment); Assignment, ¶¶ 6-7 (describing rights of Assignee and conferring power of attorney upon Assignee).

2

7. On July 14, 2025, the Court entered an Order denying the Petitioning Creditors' request for the appointment of an interim trustee under section 303(g) of the Bankruptcy Code [Docket No. 53].

8. On July 15, 2025, the Court entered an Order granting the Assignee relief from the turnover requirements of section 543(d)(1) of the Bankruptcy Code [Docket No. 56].

9. On September 18, 2025, the Court entered an Order [Docket No. 74] extending the Assignee's time to respond to the Involuntary Petition to September 22, 2025.

10. The Petitioning Creditors, the Assignee, and the Agent have engaged in good faith to settle the disputes relating to the Involuntary Petition, and on September 22, 2025, entered into the Stipulation, attached hereto as **Exhibit B**, agreeing to dismiss the Involuntary Petition.

## Relief Requested

11. By this Motion, the Petitioning Creditors, the Assignee, and the Agent request that this Court enter the Proposed Order approving the Stipulation and dismissing the Involuntary Petition with prejudice.

## Basis for Relief

12. Bankruptcy Code § 303(j) provides that "[o]nly after notice to all creditors and a hearing may the court dismiss a petition filed under this section . . . (2) on consent of all Petitioning Creditors and the debtor." 11 U.S.C. 303(j). Furthermore, Bankruptcy Rule 1017 also provides for dismissal of an involuntary petition "by consent of the parties."

13. As set forth above, pursuant to the Stipulation and in accordance with section 303(j)(2) of the Bankruptcy Code, the Petitioning Creditors, the Assignee (acting by its power of attorney on behalf of the Alleged Debtor), and the Agent have agreed to dismiss the Involuntary Petition. Further, all creditors will be provided notice of the relief requested in this Motion.

3

**Notice**

14. Notice of this Motion will be provided to all of the Alleged Debtor's known creditors and all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Parties submit that no other or further notice is necessary.

**Conclusion**

WHEREFORE, the Petitioning Creditors, the Assignee, and the Agent respectfully request entry of the Proposed Order approving the Stipulation and dismissing the Involuntary Petition.

Dated: September 22, 2025
      Wilmington, Delaware

| */s/ Russell C. Silberglied* | */s/ Andrew L. Magaziner* |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Russell C. Silberglied (No. 3462) | Andrew L. Magaziner (No. 5426) |
| Clint M. Carlisle (No. 7313) | Rodney Square 1000 |
| Nicholas A. Franchi (No. 7401) | North King Street |
| One Rodney Square | Wilmington, Delaware 19801 |
| 920 N. King Street | Telephone: (302) 571-6600 |
| Wilmington, Delaware 19801 | Email: amagaziner@ycst.com |
| Telephone: (302) 651-7700 | |
| Facsimile: (302) 651-7701 | |
| Email: silberglied@rlf.com | |
|       carlisle@rlf.com | |
|       franchi@rlf.com | |
| and | and |
| **PERKINS COIE LLP** | **WINSTON & STRAWN LLP** |
| Paul S. Jasper (admitted *pro hac vice*) | Gregory M. Gartland (admitted *pro hac vice*) |
| 505 Howard Street | 35 W. Wacker Drive |
| Suite 1000 | Chicago, IL 60601 |
| San Francisco, CA 94105-3204 | Telephone: (312) 558-5600 |
| Telephone: (415) 344-7000 | Email: ggartland@winston.com |
| Email: pjasper@perkinscoie.com | |
| and | and |
| Tina N. Moss (admitted *pro hac vice*) | Carey D. Schreiber (admitted *pro hac vice*) |
| 1155 Avenue of the Americas | Emma Fleming (admitted *pro hac vice*) |
| 22nd Floor | 200 Park Avenue |
| New York, NY 10036-2711 | New York, NY 10166 |
| Telephone: (212) 262-6910 | Telephone: (212) 294-6700 |
| Email: tmoss@perkinscoie.com | Email: cschreiber@winston.com |
| | Email: efleming@winston.com |
| *Co-Counsel to Corbin Liquidation LLC* | *Counsel to Kayne Senior Credit III Loanco, LLC* |

*/s/ Maria Aprile Sawczuk*

**GOLDSTEIN & MCCLINTOCK LLLP**
Maria Aprile Sawczuk (DE Bar No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: 302-444-6710
Email: marias@goldmclaw.com

and

**SARACHEK LAW FIRM**
Zachary E. Mazur (admitted pro hac vice)
670 White Plains Road #PH
Scarsdale, New York 10583
Telephone: (646) 517-5420 ext: 106
Email: zachary@saracheklawfirm.com

*Counsel to Petitioning Creditors*