IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** <br><br> **SUNDANCE HOLDINGS GROUP LLC,** <br><br> Alleged Debtor. | Chapter 7 <br><br> Case No. 25-11274 (KBO) <br><br> Re: Docket No. 76 |

**CERTIFICATION OF COUNSEL REGARDING JOINT MOTION
APPROVING STIPULATION BY AND BETWEEN THE PETITIONERS,
THE ASSIGNEE, AND THE SENIOR SECURED CREDITORS TO
DISMISS INVOLUNTARY BANKRUPTCY PROCEEDING**

The undersigned hereby certifies as follows:

1. On September 22, 2025, Aalamwaar Inc. ("Aalamwaar"), Fashion Avant Garde Designs Pvt. Ltd. ("Avant Garde"), Kyra Kreations Inc. ("Kyra"), Malani Impex Inc. ("Malani"), and Volo Fin Pte. Ltd. ("Volo Fin," together with Aalamwaar, Avant Garde, Kyra, and Malani, the "Petitioners" or "Petitioning Creditors"); Corbin Liquidation LLC (the "Assignee") in its capacity as the assignee for the benefit of creditors of Sundance Holdings Group LLC (the "Alleged Debtor"); and Kayne Senior Credit III Loanco, LLC, as administrative agent (in such capacity, the "Agent" and together with the Petitioners and the Assignee, the "Parties") under that certain Credit Agreement and Limited Consent, dated as of August 8, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time) filed the *Joint Motion Approving Stipulation by and Between the Petitioners, the Assignee, and the Senior Secured Creditors to Dismiss Involuntary Bankruptcy Proceeding* [Docket No. 76] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Attached as Exhibit A to the Motion was a proposed order (the "Proposed Order").

2. Objections, if any, to the Motion were to be filed by no later than October 7, 2025 at 4:00 p.m. (ET) (the "Objection Deadline").

RLF1 33979056v.5

3. Prior to the Objection Deadline, there were no properly filed answers, objections, or other responsive pleadings with respect to the Motion on the docket other than the *Objection to the Motion to Dismiss Involuntary Bankruptcy Case* [Docket No. 78], which has since been withdrawn. *See* Docket No. 79. Nor had any other party in interest contacted respective counsel to the Parties to express any informal objections to the Motion.

4. Earlier today, through a routine check unrelated to the Motion, the Parties coincidentally noticed that a proof of claim filed at some point yesterday improperly included a purported objection to the Motion as an addendum to the proof of claim. *See* Proof of Claim 22-1 (the "Alleged Objection"). Because the Alleged Objection was attached to a proof of claim and was not filed on the docket, the moving Parties did not receive notice of the Alleged Objection. The Parties respectfully submit that the Alleged Objection is procedurally improper and thus invalid for that reason.[1]

5. However, should the Court determine to consider the Alleged Objection, the Parties respectfully submit that it fails to make a cognizable argument against the relief requested in the Motion.

6. The Alleged Objection is based entirely on a claim involving Utah state law that was dismissed by the U.S. District Court for the District of Utah. Moreover, it asserts wholly unsupported factual allegations as to a provision of proceeds to the Petitioners that is not only wrong but appears to have simply been made up out of whole cloth, in violation of Rule 11, made applicable by Federal Rule of Bankruptcy Procedure 9011. Finally, the Alleged Objection provides no reason why its concerns about the sale or distribution of personally identifiable information cannot be addressed in either the pending case before the U.S. Court of Appeals for the Tenth Circuit or otherwise in the

---

[1] The purported objectors here are not petitioning creditors to this proceeding, and any argument that the purported objectors should be treated as such is incorrect.

Assignment now pending rather than in a chapter 7 proceeding. In fact, the Assignee hereby submits that it has used, and that it will continue to use, reasonably best efforts to protect personally identifiable information within the bounds of applicable law throughout the Assignment proceeding, including through any sales conducted therein.

RLF1 33979056v.5

Wherefore, the Parties respectfully submit that in light of the above, the Alleged Objection should be overruled as improperly filed and respectfully request that the Proposed Order be entered at the earliest convenience of the Court. To the extent the Court determines that it will consider the objection, the Parties respectfully reserve the right to file a more fulsome reply in advance of the hearing.

Dated: October 8, 2025
       Wilmington, Delaware

*/s/ Clint M. Carlisle*
**RICHARDS, LAYTON & FINGER, P.A.**
Russell C. Silberglied (No. 3462)
Clint M. Carlisle (No. 7313)
Nicholas A. Franchi (No. 7401)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:  silberglied@rlf.com
        carlisle@rlf.com
        franchi@rlf.com

and

**PERKINS COIE LLP**
Paul S. Jasper (admitted *pro hac vice*)
505 Howard Street
Suite 1000
San Francisco, CA 94105-3204
Telephone: (415) 344-7000
Email: pjasper@perkinscoie.com

and

Tina N. Moss (admitted *pro hac vice*)
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6910
Email: tmoss@perkinscoie.com

*Co-Counsel to Corbin Liquidation LLC*