# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE



|  |  |
|---|---|
| In re SUNDANCE HOLDINGS GROUP, LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 25-11274 KBO |

## CREDITOR'S OBJECTION TO JOINT MOTION TO APPROVE STIPULATION TO DISMISS INVOLUNTARY BANKRUPTCY PROCEEDING

Creditor Shannon Arnstein, *et al.* (the "Objecting Creditors" or "*Arnstein* Creditors") hereby object to the *Joint Motion Approving Stipulation by and Between the Petitioners, the Assignee, and the Senior Secured Creditors to Dismiss Involuntary Bankruptcy Proceeding* (ECF No. 76) (the "Stipulation") and respectfully requests that the Court deny the Stipulation.

### I.    Background

On March 15, 2003, the Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA") was signed into law by the Governor of Utah. NISNPIA originally took effect on January 1, 2004. See Utah Code § 13-37-101. Pursuant to the NISNPIA, "[a] commercial entity may not disclose nonpublic personal information that the commercial entity obtained on or after January 1, 2004, as a result of a consumer transaction if the commercial entity fails to comply with Section 13-37-201." Utah Code Ann. § 13-37-202. Section 13-37-201, in turn, requires a commercial entity to provide the consumer with notice if "the commercial entity enters into a consumer transaction with that person[,]" "as a result of the consumer transaction . . . the commercial entity obtains nonpublic personal information concerning that person[,] and "the commercial entity intends to or wants the ability to disclose the nonpublic personal information .

. . to a third party . . . for compensation," where such compensation "is the primary consideration for the commercial entity disclosing the nonpublic personal information," is "directly related to the commercial entity disclosing the nonpublic personal information," and "is not compensation received by the commercial entity in consideration of a transaction [wherein a third party provides the commercial entity with: "(i) services, including business outsource services; (ii) personal or real property; or (iii) other thing of value"]." Id. § 13-37-201(1)(a); § 13-37-201(5). The notice "shall be given before the earlier of . . . the point at which the person is requested to provide the nonpublic personal information[,] or . . . the commercial entity otherwise obtains the nonpublic personal information as a result of the consumer transaction[.]" Id. § 13-37-201(2).

On May 14, 2024, the *Arnstein* Creditors commenced a putative class action against Sundance Holdings Group, LLC (the "Alleged Debtor") for violating NISNPIA by selling the nonpublic personal information of the *Arnstein* Creditors and the purported class to various third parties ("Class Action Proceeding").

On July 19, 2024, Alleged Debtor moved to dismiss the Class Action Proceeding for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), on the ground that NISNPIA expressly prohibits class actions and that the plaintiffs, Objecting Creditors, were thus unable to invoke CAFA jurisdiction, and for failure to state a claim for relief pursuant to Rule 12(b)(6), on the ground that the factual allegations of the FAC fail to adequately demonstrate that Alleged Debtor disclosed their nonpublic personal information. *See Arnstein v. Sundance Holdings Group, L.L.C.*, No. 2:24-cv-00344-RJS-DAO ECF No. 23 (D. Utah filed May 14, 2024).[1]

---

[1] For purposes of this objection, where docket references are enclosed in parenthesis, they refer to the *Arnstein v. Sundance Holdings Group, L.L.C.*, No. 2:24-cv-00344-RJS-DAO (D. Utah filed May 14, 2024) proceeding.

On November 14, 2024, the U.S. District Court for the District of Utah heard oral argument on Alleged Debtor's motion to dismiss the Class Action Proceeding. (ECF No. 35).

On November 25, 2024, the U.S. District Court for the District of Utah denied Alleged Debtor's motion to dismiss the Class Action Proceeding finding, *inter alia*, that "Rule 23 and § 203(3) are in direct conflict[.]" (ECF No. 36). The Alleged Debtor and *Arnstein* Creditors thereafter participated in a heavily contested discovery process, including obtaining records from third parties.

On March 26, 2025, the Alleged Debtor and *Arnstein* Creditors participated in a mediation of the Class Action Proceeding before the Hon. Wayne Andersen of JAMS. On March 27, 2025, the Governor of Utah signed Senate Bill 150 into law, which substantively modified Utah Code Ann. § 13-37-101 et seq. (2025) (the "NISNPIA Amendment"), and set a future effective date of May 7, 2025.

On March 28, 2025, Alleged Debtor moved to dismiss this case pursuant to the NISNPIA Amendment. (ECF No. 54). On April 26, 2025, the *Arnstein* Creditors opposed Alleged Debtor's second motion to dismiss because the NISNPIA Amendment does not operate retroactively. Specifically, the *Arnstein* Creditors argued that: (1) the NISNPIA Amendment does not contain an express declaration of retroactivity; (2) the NISNPIA Amendment alters substantive rights; (3) the NISNPIA Amendment cannot apply retroactively by virtue of clarifying an existing statute; (4) applying the NISNPIA Amendment retroactively would violate the Utah Constitution.

On May 5, 2025, a judge for the U.S. District Court for the District of Utah granted the Alleged Debtor's second motion to dismiss the Class Action Proceeding for lack of subject matter jurisdiction. The *Arnstein* Creditors timely appealed to the U.S. Court of Appeals for the Tenth

Circuit. (ECF No. 64). That appeal was stayed upon the filing of the involuntary petition against Alleged Debtor in the instant case.

**II.    Argument**

The Objecting Creditors believe that, if allowed to proceed, they would ultimately succeed in their appeal and prevail in the underlying litigation against the Alleged Debtor. However, the Stipulation proposes the liquidation of the Alleged Debtor's tangible and intangible assets outside the confines of the Bankruptcy Code, and that most, if not all, of the proceeds would be divided among the Petitioning Creditors, likely leaving the Objecting Creditors without recourse.

Fed R. Bankr. P. 1003(b) implements a portion of 11 U.S.C. § 303(c)'s joinder provision. After an involuntary petition is filed but before the case is dismissed or relief is ordered, any other creditor with a noncontingent, unsecured claim may join in the petition "with the same effect as if such joining creditor were a petitioning creditor" in the original petition. *See* 11 U.S.C. § 303(c). An involuntary case may be dismissed before entry of an order for relief, "only after notice to all creditors and a hearing...." 11 U.S.C. § 303(j). The purpose of this section is "to avoid the filing of involuntary cases followed by collusive settlements between the petitioning creditors and the debtor...." *In re Rajneesh Neo–Sannyas International Commune,* 59 B.R. 49, 51 (Bankr.D.Or.1986) (quoting 2 Collier on Bankruptcy, Para. 303.37, pg. 303–117). 11 U.S.C. § 303(j) operates "to prevent collusive settlements among the debtor and the petitioning creditors while other creditors, that wish to see relief ordered with respect to the debtor but that did not participate in the case, are left without sufficient protection." *In re Taub*, 150 B.R. 96, 97 (Bankr. D. Conn. 1993).

Here, the Objecting Creditors credibly believe that the private agreement orchestrated by the petitioning creditors and the Alleged Debtor should be rejected for several reasons. First and

foremost, the proposed stipulation and agreement do not treat the petitioning creditors and the Arnstein objectors—who have filed a proof of claim to be included as creditors in this involuntary proceeding—equally. The agreement and stipulation give this Court no reasonable basis to evaluate the validity of the intangible property owned by the Alleged Debtor, including the data involved in the Class Action Proceeding. As a result, this intangible data could be lost or destroyed, preventing the Arnstein objectors and the 1.7 million people they represent from recovering damages for the Alleged Debtor's violation of NISNPIA. Therefore, because the current agreement does not treat all creditors equally, the stipulation should be rejected. *See e.g., In Re Warren*, 181 B.R. 136, 139 (Bankr. N.D. Ala. 1995).

Second, the Stipulation does not provide any guardrails to protect against the sale or disclosure of personally identifying information in the Alleged Debtor's possession to unaffiliated third parties, which sale would likely constitute a separate violation of NISNPIA. Therefore, the Objecting Creditors credibly believe that, if approved, the Stipulation would very likely result in the sale of the protected, personally identifiable information of millions of Utah residents by the Alleged Debtor—there is no provision for distinguishing between tangible and intangible assets—in violation of NISNPIA.

Therefore, the Bankruptcy Court's oversight would provide an orderly resolution of Objecting Creditors' claim against the Alleged Debtor and would ensure the protection of Objecting Creditors' interests and the interests of millions of Utah residents in their personally identifying information.

### III. CONCLUSION

WHEREFORE, the Objecting Creditors respectfully request that the Court REJECT the Joint Stipulation and grant the Objecting Creditors' right of joinder, and any other relief, at law or in equity, to which it may be justly entitled.

DATED: October 7, 2025                     Respectfully submitted,

/s/Frank S. Hedin
Frank S. Hedin
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, FL 33131
Telephone: (305) 357-2107
fhedin@hedinllp.com

# HEDIN LLP

1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3353
www.hedinllp.com

**Frank S. Hedin**
(305) 357-2107
fhedin@hedinllp.com

October 8, 2025

United States Bankruptcy Court
District of Delaware
Clerk of Court
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

Re:    **In re Sundance Holdings Group, LLC, Case No. 25-11274-KBO**

Dear Judge Owens:

On October 7, 2024, Claimants Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, and Elizabeth Wuebker, through undersigned counsel, filed the enclosed Objection to the Joint Motion Approving the Stipulation By And Between the Petitioners, the Assignee, and the Senior Secured Creditors to Dismiss Involuntary Bankruptcy Proceeding. The Objection was filed as an attachment to the Claimants' Proof of Claim. For the avoidance of doubt and to ensure Claimants' Objection is properly docketed, the timely-filed Objection has been printed and is enclosed with this letter for docketing as a separate entry pursuant to instructions from the Clerk's Office.

Respectfully Submitted,
/s/ *Frank S. Hedin*

# HEDIN LLP

1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3353
www.hedinllp.com

Frank S. Hedin
(305) 357-2107
fhedin@hedinllp.com

October 7, 2025

United States Bankruptcy Court
District of Delaware
Clerk of Court
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

Re: **In re Sundance Holdings Group, LLC, Case No. 25-11274-KBO**

Dear Clerk of Court:

      On October 7, 2024, Claimants Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, and Elizabeth Wuebker, through undersigned counsel, submitted a Proof of Claim form. An addendum referencing two exhibits was attached to their claim: **Exhibit A**—First Amended Class Action Complaint (537 pages) and **Exhibit B**—Order from the U.S. District Court for the District of Utah (19 pages). The exhibits did not attach to the online submission, given the file's size, so they were printed and accompany this letter as instructed by the Clerk's Office.

Respectfully Submitted,
/s/ *Frank S. Hedin*